

PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND
### Greenbelt Division

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| VINCENT L. ABELL | : | Case No. 13-13847-PM |
| Debtor | : | Chapter 11 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| MARIA TAYLOR and | : | |
| ANDRIA TAYLOR | : | |
| Plaintiffs | : | |
| v. | : | Adversary No. 13-0324-PM |
| | : | |
| VINCENT LEO ABELL | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

## MEMORANDUM OF DECISION AND ORDER

This Proceeding is before the court on Plaintiffs' Motion For Summary Judgment as to both counts of the Complaint. Defendant (the "Debtor") filed a response in opposition to the Motion and the court heard the arguments of the parties on August 7, 2013.

In their Complaint, Plaintiffs seek a ruling that the judgment entered on November 26, 2008, by the Circuit Court for Prince George's County, Maryland, Hotten, J. (the "Circuit Court"), in *Maria Taylor and Andrea Taylor v. 724-7th Street LLC and Vincent Abell*, Case No. CAE 05-16968 (the "Judgment"), be excepted from Debtor's discharge. The issue presented by the Motion For Summary Judgment is whether, based on the doctrine of collateral estoppel, the Circuit Court's findings and conclusions can be given preclusive effect in this Proceeding.

Collateral estoppel applies to bankruptcy dischargeability proceedings. *See Grogan v. Garner*, 498 U.S. 279, 284-85 n.11 (1991); *In re Ansari*, 113 F.3d 17, 19 (CA4 1997). When the parties have previously litigated an issue in state court, the bankruptcy court applies the

collateral estoppel rule of the state. *In re Duncan*, 448 F.3d 725, 728 (CA4 2006). Maryland requires four elements for the doctrine to apply:

>   (1) there was a final judgment on the merits in the prior litigation;
>
>   (2) the party against whom collateral estoppel is asserted was a party or in privity with a party in the prior litigation;
>
>   (3) the issue decided in the prior litigation is identical with the issue presented in the subsequent litigation;
>
>   (4) the issue actually litigated was essential to the judgment in the prior action.

*Deitz v. Palaigos*, 707 A.2d 427, 434-35 (Md. App. 1998) (citation omitted). "Additionally, the party against whom the doctrine is asserted must have been given a fair opportunity to appeal the judgment in the prior action." *Id.*

Plaintiffs filed their two-count Complaint under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6), respectively, that provide,

> **11 U.S.C. § 523 - Exceptions to discharge**
>
>   (a)  A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—
>
>   (2)  for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>       (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>
>   *         *         *         *         *
>
>   (6)  for willful and malicious injury by the debtor to another entity or to the property of another entity.

Plaintiffs' Motion For Summary Judgment relies upon decisions issued by the Circuit Court and the Court of Special Appeals that are attached as exhibits to the Complaint as well as to the Motion. Debtor's Answer to the Complaint admits the existence of these decisions, and his opposition to the Motion relies upon scrutiny of these same decisions.

Reviewing the Circuit Court's Decision entered November 26, 2008 (the "Decision"), there are no findings or conclusions that would permit this court to enter summary judgment under § 523(a)(6), and therefore Plaintiffs' Motion is denied as to that Count. The balance of this Memorandum will address only the issue whether the Circuit Court's findings and

conclusions are entitled to collateral estoppel effect in Plaintiffs' action under § 523(a)(2)(A). In that Count, Plaintiffs pray for a determination that the Judgment is nondischargeable based on Judge Hotten's findings of fraud on the part of the Debtor.

As discussed below, the court finds that all but one of the enumerated elements of the four-part *Deitz* test are satisfied. The additional element of Debtor having been given a fair opportunity to appeal is also satisfied as Debtor did in fact appeal the Judgment, although his appeal was dismissed because of "the 'complete disregard of the rules of appellate practice' by appellants and their attorney." *See 724 7th St. LLC, et al. v. Maria Taylor, et al.,* Court of Special Appeals of Maryland No. 2477, September Term. 2008, *quoting Rollins v. Capital Plaza Associates, L.P.*, 181 Md. App. 188 (2008), *cert. denied*, 406 Md. 746 (2008). Debtor's appeal having been dismissed and there being no further appeal, there was a final judgment on the merits (satisfying the first enumerated *Deitz* element). Debtor was one of the two named defendants in the Circuit Court suit, the other being an LLC of which Debtor was the sole member (satisfying the second enumerated *Deitz* element).

As to the third and fourth elements of the *Deitz* test, the court turns to the Findings of Fact in Judge Hotten's Decision and Judge Hotten's Order of even date. *Deitz* requires that, "the issue decided in the prior litigation is identical with the issue presented in the subsequent litigation." On this element, Debtor asserts that, "The Judgment against Mr. Abell (and his company) consists only of rescission, which revested, or confirmed, title of the subject property in the Plaintiffs, and damages for violation of the Truth in Lending Act, 15 U.S.C. §1601, *et seq.* The Defendant asserts that, "those judgment(s) along with the judgment against Mr. Merwin (limited to rescission) constitute no basis for summary judgment under either 523(a)(2) or 523(a)(6)."

At the outset of her Decision, Judge Hotten states, "Plaintiffs seek a declaratory judgment that the transaction resulting in the loss of their home to the Defendants constitutes a violation of the Truth in Lending Act, 15 U.S.C.. § 1601 et seq. and should be rescinded." (The Truth in Lending Act is hereinafter referred to as "TILA".) Along with Judge Hotten's Decision, Plaintiffs refer to the Order that Judge Hotten issued of even date with her Decision. Judge Hotten's Order, in the sixth decretal paragraph, fixes the amount of the Judgment as follows:

ORDERED AND DECLARED that judgment be entered in favor of the plaintiffs, Maria D. Taylor and Andrea Taylor against the Defendants, Vincent L. Abell and 724-7th Street LLC for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. (count one)[.] As such the Taylors are not only entitled to a rescission of the transaction of August 12, 2002 and the transfer of their residence to them; they are also entitled to judgment for the escrow funds in the total amount of $20,473.97 ($15,000.00 plus interest at the legal rate from October 2003, through September 2008) plus the sum of $90,000.00 which represents the fair market rental value of the possessory rights to the property from October 2003 through September 2008 at the rate of $1,500.00 per month during the aforementioned period . . . .

(These amounts are referred to hereinafter as the "Judgment Debt".) The court finds it clear that the Judgment Debt fixed by this Order is not "for money . . . obtained, by false pretenses, a false representation, or actual fraud," 11 U.S.C. §523(a)(2)(A), but rather for the statutory damages available to Plaintiffs on account of Debtor's violation of TILA, 15 U.S.C. § 1635(b) (entitled, "Return of money or property following rescission"), as set out in the Decision.

The court has no doubt that Judge Hotten found the Debtor guilty of fraudulent conduct and misrepresentation. In addressing the Debtor's counterclaim charging Plaintiffs with breach of warranty, unjust enrichment and fraud, Judge Hotten found,

> Each of Defendants'/Counter-Plaintiffs' claims are precluded by the doctrine of clean hands. The Defendant Abell, who was the sole owner of the 724-7th Street, LLC, was a highly experienced real estate investor who entered into the agreement <u>in order to strip the equity from the Taylors' property and confer a monetary benefit for himself</u>. . . . <u>Defendants' fraud</u> has been proven by clear and convincing evidence. . . . The evidence adduced at trial indicates that Defendant Abell, an experienced real estate investor, <u>"scammed" the Taylors and concealed material facts</u> from them regarding the nature of the transaction.[1]

Emphases added. It is clear from the above-quoted language of the Decision that the issue of fraud was actually litigated in the Circuit Court case in the context of adjudicating Debtor's counterclaim. As the counterclaim was asserted as a setoff to Plaintiffs' claims for violation of TILA, adjudication of the issue was essential to the overall outcome in favor of Plaintiffs (satisfying the fourth enumerated *Deitz* element).[2] The findings as to Debtor's fraud and

---

[1] *Scam* - v.t. to cheat: defraud. Random House Webster's College Dictionary (2000).

[2] Moreover, the Circuit Court's finding of fraud under Maryland law required a far higher standard of proof, namely, that of clear and convincing evidence, than the preponderance-of-the-evidence standard that applies in this Proceeding. *Compare: Gourdine v. Crews*, 955 A.2d 769, 791 (Md. 2008) *with Grogan v. Garner*, 498 U.S. 279, 291 (1991).

misrepresentation, however, do not appear to have been part of Judge Hotten's calculus in fixing the Judgment Debt and cannot be said to estop the Debtor from litigating the dischargeability of that Debt. For these reasons, the court cannot conclude that the issue decided in the prior litigation is identical with the issue presented on the §523(a)(2)(A) Count in this Proceeding.

In conclusion, the court finds that the Debtor is not collaterally estopped from litigating the issue whether the Judgment Debt is dischargeable. By this conclusion, the court does not suggest that Judge Hotten's findings as to the Debtor's fraud and misrepresentation require Plaintiffs' relitigation of those issues in the context of other timely claims, only that the Debtor is not precluded from litigating the dischargeability of the Judgment Debt already fixed by Judge Hotten.

For the foregoing reasons, the Motion For Summary Judgment is denied. It is so ordered.

cc:
Michael G. Morin, Esq., P.O. Box 778, Severn, MD 21144
Philip J. McNutt, Esq., 1100 Connecticut Avenue, NW, Suite 340, Washington DC 20036

**End of Memorandum of Decision and Order**